Judge Logan
delivered the opinion of the court.
This was a suit in chancery to redeem a negro woman and child, upon the following case: — -On the 11th of October, 1818, Knox applied to Black for a loan of $300, and obtained the money upon executing a bill of sale for a negro girl, taking from Black, at the same time, a writing, obliging him to deliver the said girl to Knox upon his pay* ing the sum of $80G, on or before the 25th day of Novem* ⅜⅛. This Knox failed to <lop but within a few days there* *299 ■After, made a tender of the money to Black, having been absent from the state on the 25lh. •
Ohg yen(lK secures the repay mem of mong" advanced, & legal interest ^edemp* don, it is n-suriana,
The weight of evidence very abundantly shews, that the-negro was worth from four to five hundred dollars, and was a family servant, with which the owner was very unwilling to part; and, for her redemption, had offered not only the $306, but also a horse, a circumstance, strong indeed, to shew that both thought her worth more than the sum advanced. This, however, is not very material, for the question turns upon the nature of the transaction, whether it Was intended to secure the repayment of money, or was more properly intended as a conditional sale?
It has often been observed that those are transactions of the most difficult kind to trace and ascertain the true object and intention of the parties. Whether they are not shifts ór contrivances merely to evade and cheat the statute against usury? But as was determined in the case of Heitle vs. Logan, fall term, 1817, nothing could be more to do, than by scaling and regulating the sum advanced with the real value of the property obtained, so as to make it the interest of the borrower to pay at the most exorbitant** rate, rather than sacrifice a still greater interest in the loss of the property itself, which from its greater loss might alleviate the usury exacted, and operate as a stimulus to bring in the per cent. Suppose instead of three it had been a sum of $2(30 only; and instead of securing $6, and the use of the slave for six weeks, it had been $50, and yet it had been the interest of file borrower to pay that usury rather than sacrifice his right of property to a slave of the value of $400. It is the usury secured on the terms of repurchase which, according to that case, designates the character of the transaction. Here is a parting with money from the 1 Lh of one to the 25th of the next month, for a slave worth twenty-five per cent more than the sum advanced, subject to the repurchase of the owner within that period, at the rate of about 16 per cent, besides the use of the negro, proved to have beep worth 40 or $50 a year; thus doing a business at the rate of 30 per cent in the way of lending money, with the only r]sk of the life, &c. of the slave, which possibly might not be more than the chance of holding her absolutely.
It is, therefore, the opinion of this court, that fhe appellant ought to be permitted to redeem the girl and her iiir prease, upon the usual terms of paying the principal and in-. *300 terest. And that the appellee ought to account for the regr sonable hireage of the negro, allowing him for maintaining! and the trouble and care of her child or children, as well as for the expense, the trouble, the care and loss of her time during such time.
Hardin for appellant, Bibb for appellee.
The decree of the court below, dismissing the bill of the complainant, must be reversed with cost.